UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN E. SUPERDOCK, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> UNITED STATES OF AMERICA; ) <br> DEPARTMENT OF VETERANS' AFFAIRS, ) <br> DAVID J. SHULKIN and JOHN DOES 1 ) <br> through 100, ) <br> ) <br> Defendants. ) <br> _____) <br> ) <br> ) <br> ) | Case No.: 1:09-CV-01846 <br><br> COMPLAINT FOR DAMAGES <br> (Medical Malpractice) AND DEMAND FOR <br> JURY TRIAL |

    1.    Exclusive jurisdiction in this Court is pursuant to 28 U.S.C. §1346(b) because the defendants are the United States of America and/or employees of the United States of America.

    2.    Plaintiff JOHN E. SUPERDOCK, JR. (hereinafter "SUPERDOCK") is now, and at all times mentioned herein, a citizen of the County of Suffolk, State of New York.

    3.    Venue is proper in this Court because the wrongful acts complained of herein and the resulting claims against Defendant herein arose in 79 Middleville Rd, Northport, 11768, State of New York.

    4.    Defendant United States of America is named Defendant pursuant to 38 U.S.C. §7316 because the medical malpractice herein alleged was a result of medical treatment that SUPERDOCK received from the physicians and staff of the Veteran's Administration Northport VA Hospital (hereinafter "Northport VA Hospital"), whose names are unknown to Plaintiffs, and who are sued herein as JOHN DOES 1 - through 100.

    5.    Defendants DOES 1 to 100, inclusive, are sued herein under fictitious names because their true names and capacities whether individual, associate, corporate, governmental or

-1-

otherwise are unknown to plaintiff. Plaintiff will ask leave of this Court to amend this complaint to assert the true names and capacities of said defendants when same are ascertained. Plaintiff is informed and believes and hereon alleges that each of the defendants designated herein as DOE or named are negligently, carelessly, recklessly, strictly or otherwise responsible in some manner for the events and happenings herein referred to and caused damages directly and proximately thereby to plaintiffs.

6. The defendants are sued as principals or agents, servants, and employees of said principals and/or agents of each other and all of the acts performed as agents and employees were performed within the course and scope of their authority and employment and/or agency and with the consent of each of the defendants.

7. In accordance with 28 U.S.C. §240 I (b) and §2675(a), Plaintiff did timely serve on or about March 20, 2017, a Claim for Damage, Injury, or Death upon the Department of Veterans' Affairs, VA Regional Office. Plaintiff received correspondence from the Department of Veterans' Affairs on or about March 30, 2017, formally acknowledging receipt of the Claim. By matter of law, the claim is deemed denied after six months from date of service of the claim. However, we were asked by The Office of Chief Counsel to provide more time for them to analyze the claim when we called in September of 2017. We next spoke to Aaron Fields on February 12, 2018 who said "We think that infection is a risk of a shot." After your undersigned explained that the claim was not exclusively SUPERDOCK's injection site being infected, but how the infection and sepsis was dealt with, Fields asked for more time. We reject said request.

8. At all times material to this Complaint, the physicians, nurses, and staff of the Northport, VA Hospital, sued herein as JOHN DOES 1 - 100, provided medical care to Plaintiff SUPERDOCK, were employees and/or agents of the Department of Veterans Affairs and acted

under color of the statutes, customs, ordinances, policies and usage of the Department of Veterans Affairs of the United States of America.

9. At all times mentioned herein Defendant physicians, nurses, and staff of the Northport VA Hospital and John Does 1 through 100, and each of them, were practicing physicians and/or medical doctors, and/or medical specialists, and/or nurses, and/or certified technicians, without being limited thereto, in the County Suffolk, State of New York, duly licensed to practice medicine and/or to provide medical care and hospital treatment under the laws of the State of New York. Each of said defendants at all times mentioned herein held themselves out to the general public and to Plaintiff JOHN E. SUPERDOCK, JR. as possessing that degree of skill, training, knowledge, ability and learning as medical practitioners and/or medical specialists in their respective communities, as well as skilled, careful and diligent in the practice and profession of medicine and/or medical specialties.

10. On or about December 16, 2016, Plaintiff, JOHN E. SUPERDOCK, JR. travelled to the Northport VA Hospital on 79 Middleville Rd., Northport, New York, due to pain and to receive a subacromial steroid injection in his left shoulder. By December 19, 2016 his left shoulder had blown up, was incredibly painful and caused physical and emotional distress. He was rejected by the VA hospital and told he was fine before being turned away. He returned again on or about December 21, 2016 and then again on the 23rd day of December 2016. Each time with signs of sepsis. He complained of intense pain, headaches, fever and discomfort at his injection site. He was chastised and rejected. He was told that there were "really sick people there" and that he had no business complaining and wasting the staff's time.

11. The infection progressed to where Plaintiff's life was in grave danger. As a result of the negligence in ignoring Plaintiff's complaints, Plaintiff went to Stony Brook Medical on December 24, 2016 his religious holiday where he was told he had a very advanced case of

-3-

infection and was immediately put inpatient. He nearly expired from infection. He was put on a regimen of antibiotics that are usually reserved for the terminally ill and remained in said hospital for almost three weeks.

12. During the majority of SUPERDOCKS's hospitalization, the shoulder was treated but his prognosis was poor. On discharge, he was told that due to the infection and swellling, the tissue was damaged and the shoulder would never be the same. The infection affected his musculature in a permanent and negative way.

13. As a direct result of the negligence, carelessness and other tortious, unlawful, and wrongful acts and conduct of the Defendants, DOES 1 through 100, and each of them, and their respective agents, servants, employees and authorized representatives, Plaintiff JOHN E. SUPERDOCK, JR. was hospitalized for approximately nineteen days, or from December 24, 2016 to approximately January 10, 2017 during which time he experienced extreme pain and swelling, bruising, tingling, numbness, loss of circulation, and loss of function of the right upper extremity. As a further direct and legal result of the negligence, carelessness, and other tortious, unlawful, and wrongful acts and conduct of the Defendants, DOES I through 100, and each of them, and their respective agents, servants, employees and authorized representatives, Plaintiff SUPERDOCK has limitations in his shoulder that prevent him from functioning every day like a normal human being and tether him to people for help and assistance whereas he was always healthy and independent prior to the VA's negligence.

14. As a direct result of the negligence, carelessness and other tortious, unlawful and wrongful acts and conduct of the Defendants, DOES 1 through 100, and each of them, and of their respective agents, servants, employees and authorized representatives, Plaintiff SUPERDOCK has residual injuries including, but not limited to continued right upper extremity pain, decreased right hand grip strength, reduced dexterity of the right hand and fingers, constant tingling in the

digits of the right hand, shock-like pains with gripping, thrombosis-related left upper extremity decreased grip and arm strength, and left wrist pain. Continued treatment for six months following discharge from the hospital.

15. As a direct and legal result of the negligence, carelessness and other tortious, unlawful and wrongful acts and conduct of the Defendants, and each of them, Plaintiff SUPERDOCK has been permanently injured in his health, strength and activities and has been damaged in that his permanent injuries are as yet unknown, but when they become known, Plaintiff SUPERDOCK will ask leave of this Court for permission to amend this Complaint to set forth the nature and extent of those other injuries. The injuries hereinabove set forth will continue to affect SUPERDOCK in each and every capacity of his daily existence. Said injuries have caused and will continue to cause said plaintiff severe physical pain and illness resulting in the need for additional life-long medical monitoring and treatment, emotional distress, and other pain and suffering. The aforementioned injuries have generally damaged SUPERDOCK in a sum well in excess of the jurisdictional minimum of this Court.

16. As a direct and legal result of the negligence, carelessness and other tortious, unlawful and wrongful acts and conduct of the Defendants, and each of them, Plaintiff SUPERDOCK was required to and did obtain necessary medical and hospital care and attention and services and did incur medical, incidental, and service expenses thereupon. Plaintiff is informed and believes and thereon alleges that he will in the future be required to obtain medical and hospital care and attention and services for the rest of his natural life in an amount not yet ascertained. Plaintiff, SUPERDOCK does not know the value of the expenses incurred for medical and hospital care and for services in the past and in the future. When said total amount becomes known, he will ask the Court for permission to amend this Complaint to set forth the total amount as ascertained.

17. As a direct and legal result of the negligence, carelessness and other tortious, unlawful and wrongful acts and conduct of the Defendants, and each of them, and by reason of his injuries, Plaintiff SUPERDOCK has been and will be prevented and/or limited in following an occupation or profession, and has, therefore, suffered past and future loss of earnings and diminution of earning capacity. The exact amount of such past and future loss is unknown to plaintiff at this time, and he will ask leave of this Court for permission to amend this Complaint to set forth the total amount when ascertained.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them. as follows:

1. For general damages in a sum well in excess of the jurisdictional minimum of this Court;

2. For medical, incidental, hospital and service expenses according to proof;

3. For attendant care and nursing care expenses according to proof;

4. For loss of earnings and diminution of earning capacity according to proof;

5. For costs of suit incurred herein and prejudgment interest; and

6. For such other and further relief as the Court deems just and proper.

Dated: March 5, 2018

MASSIMO & PANETTA, P.C.

By _____
FRANK C. PANETTA, ESQ.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAK NOTICE THAT Plaintiff, JOHN E. SUPERDOCK, JR. hereby demands trial by jury in the above-entitled action

Dated: March 5, 2018     **MASSIMO & PANETTA, P.C.**

By _____
FRANK C. PANETTA, ESQ.
Attorneys for Plaintiff